**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Herman Tillery,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:20cv751 (RDA/TCB)** |
| | ) | |
| **Virginia Peninsula Regional Jail,** | ) | |
| **Defendant.** | ) | |

MEMORANDUM OPINION

Herman Tillery, a local Virginia inmate proceeding pro se, filed a civil-rights complaint under 42 U.S.C. § 1983, alleging that he received constitutionally inadequate medical care at the Virginia Peninsula Regional Jail in violation of his constitutional rights. [Dkt. No. 1]. Because plaintiff is a prisoner, his complaint was screened to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A. On August 6, 2020, the Court entered an order finding that the original complaint failed to state a § 1983 claim, the deficiencies in the complaint were identified, and plaintiff was directed to file more information in a particularized and amended complaint. [Dkt. No. 4]. After reviewing his first amended complaint [Dkt. No. 6], and additional pleadings [Dkt. Nos. 5, 7], the Court again determined that the complaint as amended still did not state a claim upon which relief could be granted and plaintiff was directed to file an amended complaint. Because plaintiff is incarcerated, his second amended complaint [Dkt. No. 9] must be screened to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A.

The second amended complaint raises four claims and alleges that Virginia Peninsula Regional Jail (VPRJ), Dr. Bhat, and Nurse Kerrington have violated his constitutional rights and

seeks monetary damages in the amount of $500,000,000.  [Dkt. No. 9 at 5].  Plaintiff's first claim

alleges that on December 19, 2019, Dr. Bhat refused to treat his erectile dysfunction and that Dr.

Bhat refused to do anything about his disease again on August 11, 2020.[1]  His second claim is

that Nurse Kerrington provided him the wrong medication on August 14, 2020.  On August 20,

2020, plaintiff alleges an unnamed nurse cancelled his nasal spray but admits the nasal spray was

reordered on September 3, 2020.  [Id. at 4].  Plaintiff's last claim alleges that he was exposed to a

"possible health risk" on August 28, 2020 because he was assigned a cellmate that had just

finished being held in quarantine for COVID-19. [Id. at 5].

# I.

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless

legal theory,'" or claims where the "'factual contentions are clearly baseless.'"  Clay v. Yates,

809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327, (1989)).

The second standard is the familiar standard for a motion to dismiss.  Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it

does not resolve contests surrounding the facts, the merits of a claim, or the applicability of

defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation

omitted).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-

pleaded allegations are taken as true and the complaint is viewed in the light most favorable to

the plaintiff.  See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also

Martin, 980 F.2d at 952.

---

[1]  Plaintiff uses the term Peyronie Disease in his medical complaint but there is no indication that
a medical professional diagnosed him with that condition, that any treatment is required, that the
erectile dysfunction of which he complains is any way life threatening or that he is any pain.

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff's allegations must "raise a right to relief above the speculative level," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. Id.

Where a complaint is filed by a prisoner acting pro se, however, that complaint must be construed liberally regardless of how unskillfully it is pleaded. Haines v. Kerner, 404 U.S. 519, (1972). A pro se litigant is therefore not held to the strict pleading requirements demanded of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Figgins v. Hudspeth, 584 F.2d 1345 (4th Cir. 1978), cert. denied, 441 U.S. 913 (1979). For these reasons, a court's "power to summarily dismiss a prisoner's pro se complaint is limited." Figgins, 584 F.2d at 1347. Here, plaintiff has filed two amended complaints and still fails to provide a claim upon which relief can be granted. To the contrary, the allegations establish that he did not suffer any constitutional deprivation.

## II.

The Eighth Amendment requires prison officials to ensure that inmates receive adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment by acting with deliberate indifference to an inmate's serious medical needs. Estelle, 429 U.S. at 104. To state a cause of action under § 1983, a plaintiff must allege facts demonstrating that each named defendant had personal knowledge of, and involvement in, the

alleged violations of his Eighth Amendment rights for the action to proceed against each named defendant.

> To state a claim under Section 1983 for deliberate indifference to serious medical needs, a prisoner must show that he had a serious medical need, and that officials knowingly disregarded that need and the substantial risk it posed.  King, 825 F.3d at 218-20; Heyer v. U.S. Bureau of Prisons, 849 F.3d 202, 209-11 (4th Cir. 2017).  A "serious medical need" is a condition "diagnosed by a physician as *mandating treatment* or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Heyer, 849 F.3d at 210 (citation omitted).

Depaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (emphasis added).  Plaintiff first alleges that Dr. Bhat on two separate occasions refused to treat his erectile dysfunction.

The first step in evaluating plaintiff's claim is to determine if erectile dysfunction constitutes a serious medical condition.  The Fourth Circuit has defined a serious medical need as "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'' Iko v. Shreve, 535 F.3d 225, 241 (4tht Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)).[2]

> Although the Fourth Circuit Court of Appeals does not appear to have addressed this issue, other courts that have done so have determined that [erectile dysfunction does] not constitute a serious medical need for purposes of the Eighth Amendment.  See Michtavi v. Scism, 808 F.3d 203, 207 (3d Cir. 2015) ("There is no Supreme Court or appellate precedent holding that prison officials must treat retrograde ejaculation, infertility, or erectile dysfunction; in fact, the weight of authority is to the contrary"); Lyons v. Brandly, 430 F. Appx 377, 381 (6th Cir. 2011) ("Lyons's erectile dysfunction cannot be said to be a serious medical condition, given that no physician indicated its treatment was mandatory, it was not causing Lyons pain, and it was not life-threatening"); Aidnik v. California Dep't of Corr. & Rehab., No. CIV S-09-0154 FCD, 2010 U.S. Dist. LEXIS 128441 at *5 (E.D. Cal. Dec. 6, 2010) (noting that plaintiff had not "established that erectile dysfunction constitutes a serious medical need within Eighth Amendment jurisprudence"); Neal v. Suliene, 2008 U.S. Dist. LEXIS 34384, at

---

[2]  The Fourth Circuit has also defined a serious medical need as one that poses a substantial risk of serious injury to health and safety, Young v. City of Mount Ranier, 238 F.3d 567, 576 (4th Cir. 2001), or as a medical need "sufficiently serious . . . to require medical treatment."  Brice v. Virginia Beach Correctional Ctr., 58 F.3d 101, 104 (4th Cir. 1995).

*3 (W.D. Wis. 2008) (finding that erectile dysfunction does not constitute serious medical need because it is not life threatening nor does it result in needless pain and suffering).  The court finds the reasoning of these opinions to be sound and persuasive … [and] finds that [plaintiff's] erectile and sexual dysfunctions do not constitute a serious medical need for purposes of the Eighth Amendment.  Thus, [defendant's] alleged failure to treat these conditions do[es] not state a claim upon which relief may be granted, and this claim should be dismissed.

Gardner v. Rajan, No. 5:17-CT-3105-D, 2018 U.S. Dist. LEXIS 60665, *10-12 (E.D.N.C. Feb. 1, 2018), adopted by and dismissed by, in part, 2018 U.S. Dist. LEXIS 58695 (E.D.N.C., Apr. 6, 2018).  As courts have routinely found erectile dysfunction is not a serious medical need, the plaintiff has failed to state a claim and this claim will be dismissed.

Next, plaintiff alleges that Nurse Kerrington was negligent in dispensing the wrong medication to him on August 14, 2020.  Plaintiff states he discovered the error, returned the wrong medication, and alleges that Nurse Kerrington's conduct was "gross negligence."  [Dkt. No. 9 at 4].  Plaintiff does not allege Nurse Kerrington's actions were intentional and he alleges no harm as a result of the alleged error.  Dispensing the wrong medication does not constitute deliberate indifference and such claims are routinely dismissed.[3]

---

[3] See, e.g., Green v. Watson, No. 3:15-cv-00621-MJR, 2015 U.S. Dist. LEXIS 100459, *5 (S.D. Ill. July 31, 2015) ("bare allegation that an official gave a detainee the wrong medication suggests only negligent conduct by that official, and not the kind of recklessness needed to put forth a constitutional claim."); Campbell v. Powers, No. 4:07-3972-HFF-TER, 2009 U.S. Dist. LEXIS 76653, (D.S.C. Aug. 25, 2009) (incident where correctional officer negligently gave wrong medication to detainee causing him to experience episode of hypoglycemia did not constitute deliberate indifference); Crowley v. Meyers, No. 01 C 50080, 2002 U.S. Dist. LEXIS 18861, *5-6 (N.D. 111. Sept. 30, 2002) (holding that  allegation nurse "administered another inmate's medication to him on one occasion does not meet the level of deliberate indifference" where there was no allegation that nurse intentionally gave inmate the wrong medication is "at most amounts to negligence.");  Williams v. Snyder, No. 01-632-JJF, 2002 U.S. Dist. LEXIS 27034, *5 (D. Del. Sept. 30, 2002) ("A mistake in administering medication is more appropriately recoverable in negligence rather than a § 1983 action."), aff'd, 80 Fed. Appx. 289 (3rd Cir. 2003); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998) (finding inmate's allegations that he was mistakenly given wrong dosage of prescribed medication by jail medical personnel on a number of occasions, but admitted that this was done 'mistakenly,' amounted at most to negligence, but not deliberate indifference).

> The defendants' failure to provide the plaintiff with his medicine on occasion amounted, at worst, to negligence.  See Zingmond v. Harger, 602 F. Supp. 256, 260 (N.D. Ill. 1985); Burns v. Head Jailor of LaSalle County Jail, 576 F. Supp. 618 (N.D. Ill. 1984).  Negligence, gross negligence, or even recklessness as used in the civil tort sense, are insufficient to support an Eighth Amendment claim. Duckworth, supra, 780 F.2d at 653.  Excusable delays in properly treating an inmate that do not stem from deliberate indifference do not implicate the Eighth Amendment.  Shockley v. Jones, 823 F.2d 1068, 1072 (7th Cir. 1986).

Williams v. Cearlock, 993 F. Supp. 1192, 1197 (C.D. Ill. 1998); see also Daniels v. Beasley, No. 241 Fed. Appx 219, 220 (5th Cir. 2007) (allegation that prison official gave prisoner wrong medication resulting in excessive sleep, loss of appetite, and temporary loss of vision did not establish "more than negligence"); Positano v. Wetzel, 529 Fed. Appx 116, 119 (3d Cir. 2013); (allegation that doctor gave a prisoner the "wrong medication" suggested at best "medical malpractice," and not a constitutional violation); West v. Millen, 79 Fed. Appx. 190, 194 (7th Cir. 2003) ("Intentionally interfering with a medical staff's prescribed treatment in the face of a substantial risk to an inmate's health may constitute deliberate indifference.  However, an occasional missed dose of medicine, without more, does not violate the Eighth Amendment.") (citing Zentmyer v. Kendall County, 220 F.3d 805, 811-12 (7th Cir. 2000); Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002)).  To be sure, even where the wrong medication is not only dispensed but negligently administered, such conduct does not rise to the level of an Eighth Amendment violation or constitute deliberate indifference.  See, e.g., Brown v. Briscoe, 998 F.2d 201, 204 (4th Cir.1993) (upholding sua sponte dismissal of § 1983 claim where nurse administered a tuberculosis inoculation after inmate informed her he had already received one); see also Johnson v. Doe, 234 F.3d 1273 (7th Cir. 2000) (dismissal proper when prisoner only alleged that officials "mistakenly gave him the wrong medication").  Plaintiff's claim that he was given the wrong medication will be dismissed.

In his next claim, plaintiff does not identify a defendant — he simply alleges he was denied adequate medical care because someone cancelled his order for Triamcinolone nasal spray on August 20, 2020, which was promptly re-ordered on September 3, 2020 when plaintiff pointed out the apparent error.[4]  Plaintiff asserts that this conduct was in reckless disregard to his health and that he suffered because of it.  Plaintiff's claim is but a threadbare allegation and neglects to state what serious medical need was being treated by the nasal spray or in what manner he suffered.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care).  He does not detail how he "suffered," and he alleges no harm or pain associated with the temporary deprivation he alleges occurred.

When an inmate brings an Eighth Amendment deliberate indifference claim based on "a temporary delay or interruption" of treatment, the court's objective "serious medical need inquiry can take into account the severity of the temporary deprivation alleged by the prisoner." Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003).  An inmate's "bare allegation of pain and suffering in the complaint ... [however] is insufficient" to sustain an Eighth Amendment claim. Evans v. Bonner, 196 F. Supp. 2d 252, 257 (E.D.N.Y. 2002) (citations omitted).  In "episodes of missed medication" an inmate must establish that the failure to administer the medication "resulted in permanent or on-going harm to his health," or "explain[] why the absence of actual physical injury was not a relevant factor in assessing the severity of his medical need."  Smith, 316 F.3d at 188-89 (finding no constitutional violation because of two alleged instances of

---

[4]  "Triamcinolone is used to prevent and treat seasonal and year-round allergy symptoms (such as stuffy/runny nose, itchy eyes/nose/throat, sneezing).  Triamcinolone belongs to a class of drugs known as corticosteroids.  It works by reducing swelling (inflammation) in the nasal passages."  See https://www.webmd.com/drugs/2/drug-77989/triamcinolone-acetonide-nasal/details (last viewed on Nov. 16, 2020).

missed HIV medication where the plaintiff failed to present evidence of permanent or on-going harm or an unreasonable risk of future harm stemming from missed doses); Bumpus v. Canfield, 495 F. Supp. 2d 316, 322 (W.D.N.Y. 2007) (dismissing deliberate indifference claim based on "a delay of several days in dispensing plaintiff's hypertension medication" absent evidence "the delay gave rise to a significant risk of serious harm"); Nolley v. County of Erie, 776 F. Supp. 715, 740 (W.D.N.Y. 1991) (occasional failure of correctional facility to provide inmate with her AZT medication did not violate the Eighth Amendment as failure was due to a negligent medication delivery system, and not deliberate indifference on the part of medical personnel). Plainitff has not established a serious medical need or any harm from the temporary absence of his nasal spray and this claim will be dismissed.

Plaintiff's last claim alleges his conditions of confinement exposed him to a possible health risk because an inmate assigned to plaintiff's cell had been quarantined for COVID-19 before he was released and assigned to plaintiff's cell.  To meet the first prong of Farmer, plaintiff must allege facts sufficient to show that the condition complained of was a "sufficiently serious" deprivation of a basic human need.  511 U.S. at 835.  Only extreme deprivations will make out an Eighth Amendment claim, and it is plaintiff's burden to allege facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in serious or significant physical or emotional injury.  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  To be sure, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  To meet the second prong, plaintiff must allege facts sufficient to show that the defendants knew of circumstances from which an inference could be drawn that a "substantial risk of serious harm"

8

was posed to plaintiff's health and safety, that they drew that inference, and then disregarded the risk posed.  Farmer, 511 U.S. at 837.

Here, plaintiff alleges his cellmate had been quarantined for COVID-19 before he was released and then assigned to plaintiff's cell.  "Deliberate indifference is a very high standard." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).  Indeed, even where "prison officials [] actually knew of a substantial risk to inmate health or safety" and that particular harm ultimately occurs, the officials "may be found free from liability if they responded reasonably to the risk." Farmer, 511 U.S. at 844.  At bottom, "officials who act reasonably cannot be found liable" because they did not disregard the risk.  Id. 845.  The reasonableness of the actions taken must be judged in light of the risk known to the defendant at the time.  Brown v. Harris, 240 F.3d 383, 390 (4th Cir. 2000); see also Jackson v. Lightsey, 775 F.3d 170, 179 (4th Cir. 2014).  Plaintiff has not established deliberate indifference because simply because another inmate, who had been released from a COVID-19 quarantine, was assigned as his cellmate.  "*Every person in the United States, whether in a detention facility or not, faces COVID-19 exposure.*"  Toure v. Hott, 458 F. Supp. 3d 387, 408 (E.D. Va. 2020) (citation omitted) (emphasis added).  Further, plaintiff alleges no injury.  Plaintiff's last claim will be dismissed.

### IV. Conclusion

For the reasons outlined above, the amended complaint [Dkt. No. 9] will be dismissed through an Order that will issue alongside this Memorandum Opinion.

Entered this 17 day of November

Alexandria, Virginia

/s/

Rossie D. Alston, Jr.
United States District Judge

9